The judgment of the court was pronounced by
Rost, J.
The plaintiffs in this case brought suit against the defendant to recover the price of the slave Ignace, purchased at the probate sale of the succession of the late Jacques Dupré. The defendent, as in the case just determined, refuses to pay, on the ground that the slave was, before and at the time *593 of the sale, affected with a redhibitory disease of the heart of long standing, of which he shortly afterwards died.
The first jury to whom the case was submitted, being unable to agree, were discharged; it was submitted to another jury, who found a verdict in favor of the defendant. The plaintiffs have appealed from the judgment rendered thereon.
The probate sale took place on the 27th of December, 1847; the witness Woods, offered by the defendant, has testified that the slave Ignace was under his charge, as overseer, from February, 1848 until his death, in April of the same year; that his health, during that time, was very bad ; that he laid up better than half of the time, and always complained of his breast; that he was taken very sick on Wednesday; that on the next day a physician was called in, and that on the following Saturday morning, the slave died, and was buried on the next day. Two days after his burial, he was disintered and a post mortem examination was made by two physicians; they state that they ascertained the existence of a chronic disease of the heart of very long standing, and, also, that the middle lobe of the right lung was found in a diseased condition, almost dissolved, with a good deal of matter in it. We understand them to say further, that the affection of the lungs was the immediate cause of the death, and that it may have been an acute disease of very recent origin. They say further, that the pressure against the lungs, caused by the enlargement of the heart, might have increased the disease of those organs. This evidence suggests a possibility, but does not prove a fact. There' is nothing in the record to show that the disease, which was the immediate cause of the death, was either produced or increased by the chronic disease discovered to exist after death. It may, therefore, be doubted whether on that state of facts the defence could be sustained. But there is another ground upon which it is untenable: in cases of this kind, unless a physician be called in within a reasonable time, the purchaser cannot recover, although the slave may have been affected with a redhibitory disease. Kiper, Administrator, v. Nutall Peniston, 1 R. R. 44. Palmer v. Taylor et al. 1 R. R. 412. Lyons v. Kenner, 2 R. R. 53.
The testimony of the defendant’s overseer shows that although the health of the slave was very bad for more than two months before his death, and that he always complained of his breast, no physician was called in to see him until two days before his death. Under the authorities cited, the defence set up cannot be sustained.
It is therefore ordered, that the judgment in this case be reversed, and that there be judgment in favor of the plaintiffs, and against the defendant, for the sum of four hundred and twenty-seven dollars and fifty-eents, with interest at the rate of eight per cent per annum from the 27th of December^ paid, and costs in both courts.